IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LAMONT BOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:13-cv-1207** |
| | ) | |
| **CORRECTIONS CORPORATION OF AMERICA,** | ) | **Judge Campbell** |
| **OFFICER JAMES YARBROUGH, and** | ) | |
| **WARDEN BLAIR LEIBACH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

Lamont Boyd, a state prisoner incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983. Although the complaint was accompanied by an outdated balance statement for the plaintiff's prison trust account,[1] it was not accompanied by an actual motion to proceed *in forma pauperis*.

A complaint may not be considered on the merits unless it is accompanied by the appropriate fee, 28 U.S.C. § 1914(a), or by an application to proceed *in forma pauperis*, 28 U.S.C. § 1915(a)(1). The latter, to be considered by this Court, must be signed and notarized by an appropriate prison official as set forth in Administrative Order 93, and accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each prison in which the plaintiff has been confined during that 6-month period. 28 U.S.C. § 1915(a)(2).

The Clerk of Court is **DIRECTED** to mail the plaintiff a blank application to proceed in district court without prepaying fees and costs and a copy of Administrative Order 93. The plaintiff **MUST** either pay the $400.00 filing fee in full or complete the application to proceed *in forma pauperis* and return the properly completed application, along with a current trust-account statement, to the district Court. The plaintiff's submissions must be received in this court within **30 days** of the date this order is entered on the docket. The submissions must include the docket number assigned to this case, **No. 3:13-cv-1207**.

---

[1] This balance report covers the period from April 2005 through October 2012.

The plaintiff is forewarned that if he does not comply with the instructions of the Court within the 30-day time limit, this action may be summarily dismissed for failure to comply with the instructions of the Court and for want of prosecution. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

Todd Campbell
United States District Judge